UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>     Plaintiff,<br><br>v.<br><br>Martin Ramirez,<br><br>     Defendant. | No. 23-cr-0222(1) (JRT/DLM)<br><br><br>**ORDER** |

This case is before the Court on non-dispositive and dispositive pretrial motions filed by the United States of America and Defendant Martin Ramirez. The parties agreed to cancel the motions hearing scheduled for November 1, 2023, and have the Court decide the motions on the parties' written submissions. (Doc. 33.) The case has been referred to undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

Based on the files, records, and proceedings above, **IT IS ORDERED** that:

1. Mr. Ramirez's Motion for Disclosure of Rule 404 Evidence (Doc. 24) is **GRANTED**. The United States must provide disclosures no later than **2 weeks** before trial. If the United States discovers any Rule 404(b) evidence after the deadline, it must produce the evidence as soon as possible. Although this portion of this Order does not extend to evidence intrinsic to the charged offense, *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014), the disclosure of such evidence may be required under other legal authority.

2. Mr. Ramirez's Motion for Disclosure of Expert under Rule 16(a)(1)(G) (Doc. 25) is **GRANTED**. Both parties' initial expert disclosures are due **28 days** before trial, and rebuttal expert disclosures, if any, are due **14 days** before trial.

3. Mr. Ramirez's Motion to Disclose and Make Informant Available for Interview (Doc. 26) is **GRANTED IN PART** and **DENIED IN PART.** Mr. Ramirez seeks an Order for the government "to disclose the identity of, and make available, the confidential informant(s) involved in the government's investigation[.]" (*Id.* at 1.) The government did not respond to Mr. Ramirez's motion. The government's general "privilege to withhold the disclosure of the identity of a confidential informant" is not absolute. *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (citing *Rovario v. United States*, 353 U.S. 53, 77 (1957)). When deciding whether to disclose an informant's information, courts must weigh "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Rovario*, 353 U.S. at 62. "[W]here the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60–61 (footnote omitted). In general, "[w]here the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted) (citing *United States v. Barnes*, 486 F.2d 776, 778–79 (8th Cir. 1973); *United States v. Roberts*, 388 F.2d 646, 650 (2d Cir. 1968); *Gilmore v. United States*, 256 F.2d 565, 567 (5th Cir. 1958)). But in "cases

involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)). Mr. Ramirez is charged with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). (Doc. 1.) According to Mr. Ramirez, "[t]he informant allegedly provided information about Defendant Ramirez to law enforcement, including communications with him, and the meeting time and location" of the alleged offense. (Doc. 26 at 2.) Without more, the Court considers this case closer to one involving a tipster "merely conveying information," *Harrington*, 951 F.2d at 878, rather than one involving an informant "who is an active participant or witness to the offense charged," *Norris*, 53 F.3d at 206. Thus, the Court declines to order disclosures about an informant, if there is one. However, the Court grants Defendant's motion to the extent that it will order the parties to meet and confer about the issue of the alleged informant's identity, and the nature of the information provided to law enforcement.

4. Mr. Ramirez's Motion to Suppress Evidence (Doc. 28) will be the subject of a separate report and recommendation that will issue by November 30, 2023.

DATED: November 2, 2023         s/Douglas L. Micko
                                                          DOUGLAS L. MICKO
                                                          United States Magistrate Judge