UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN RAMIREZ,<br><br>Defendant. | Crim. No. 23-222 (JRT/DLM)<br><br>MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO SUPPRESS |

Matthew D. Forbes and Timothy Campbell Warner, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Lisa M. Lopez, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for Defendant.

Defendant Martin Ramirez seeks to suppress physical evidence found pursuant to a search warrant he argues was defective. Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R") recommending that Ramirez's motion be denied because there was sufficient probable cause, nexus, and particularity. Further, even if the warrant was defective, the good faith exception applied. Because Ramirez's objections to the R&R were not specific, he purely referenced his prior arguments, the Court reviewed the Magistrate Judge's recommendation for clear error. Finding none, the Court will overrule Ramirez's objections, adopt the R&R, and deny Ramirez's Motion to Suppress Physical Evidence.

**BACKGROUND**

Because the R&R explains the background extensively and neither party objects, the Court will adopt it in full. (*See* R. & R., Nov. 28, 2023, Docket No. 36.) The Court will include only the factual and procedural history relevant to Ramirez's objections.

Officer Clay Johnson applied for a search warrant on March 31, 2023, to search Ramirez and room 235 at the Golden Valley Ramada Inn. (R. & R. at 1–2.) Earlier that day, a U.S. Drug Enforcement Agency ("DEA") agent informed Johnson that Ramirez was suspected of receiving packages of methamphetamine via the United States Postal Service ("USPS"). (*Id.* at 2.) Johnson went to the Ramada Inn and confirmed that Ramirez was staying in room 235. (*Id.*)

During Johnson's visit to the Ramada Inn, three USPS packages arrived addressed to Ramirez. (*Id.*) Approximately five minutes after delivery, someone matching Ramirez's description collected the packages from the lobby and wheeled them towards the hotel interior. (*Id.*)

Then, two U.S. Police Canine Association ("U.S.P.C.A.") certified dogs performed a sniff test of the hallway that included room 235. (*Id.* at 2–3.) The first dog showed an inconclusive change in behavior outside room 235. (*Id.* at 3.) But the second dog positively alerted for narcotics outside room 235. (*Id.*)

Based on the above information, Hennepin County District Judge Daniel Moreno issued a search warrant for Martin Ramirez and room 235 at the Ramada Inn. (*Id.*) The search warrant allowed for seizure of methamphetamine and other controlled substances

as well as drug paraphernalia; monetary records; records that identified Ramirez as the occupant of the premises; currency or other moneys; safes, lockboxes, and their keys; weapons; stored electrical communications; cell phones; and computers.  (*See* Exhibit at 7–8, Oct. 31, 2023, Docket No. 34.)

Grounded in the fruits of the search, a grand jury indicted Ramirez on a single count of Possession with the Intent to Distribute Methamphetamine.  (Indictment at 1, June 21, 2023, Docket No. 1.)  Ramirez filed a Motion to Suppress Physical Evidence arguing that certain physical evidence was obtained pursuant to a defective warrant.  (Mot. Suppress, Oct. 2, 2023, Docket No. 28.)  Because the Magistrate Judge found sufficient probable cause, nexus, and particularity for the warrant as well as good faith by the executing officer, he recommended denying Ramirez's Motion to Suppress.  (R. & R. at 3–11.)  Ramirez objects to the R&R.  (Obj., Dec. 12, 2023, Docket No. 37.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections

which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

The Court emphasizes that only specific objections to the R&R constitute "proper" objections entitled to de novo review. *Mayer*, 2008 WL 4527774, at *2. Here, Martinez did nothing more than file an objection in name with a one-sentence reference to his previous filings. Accordingly, the appropriate standard of review is for clear error. *See Montgomery*, 98 F. Supp. 3d at 1017.

## II.   ANALYSIS

Ramirez makes three arguments in support of his defective warrant claim: (1) that the search warrant lacked probable cause, (2) that there is insufficient nexus between the evidence sought and the place to be searched, and (3) that the scope of the search warrant was overbroad. None of these arguments are viable challenges to the search warrant.

### A.   Probable Cause

Ramirez's main argument against probable cause is that the information Johnson provided was conclusory such that the issuing judge could not make an independent probable cause determination. Ramirez argues Johnson improperly relied on the DEA agent's tip and failed to describe the dog's positive narcotics alert.

A search warrant must be based upon a finding that there is probable cause to believe that evidence of a crime will be found in the place searched. *United States v.*

*Proell*, 485 F.3d 427, 430 (8th Cir. 2007). Probable cause is determined by the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 230–31, 233 (1983). An officer may rely on a tip when the informant has provided reliable information previously or where the information is independently corroborated. *United States v. Caswell*, 436 F.3d 894, 898 (8th Cir. 2006). Further, the issuing judge can draw reasonable inferences about where the allegedly illegal material is being kept. *Gates*, 462 U.S. at 240. In the R&R, the Magistrate Judge found Johnson's corroboration of the tip sufficient for the issuing judge to determine probable cause. Johnson's investigation started with the tip, but each component was independently verified; he went to the hotel and confirmed that Ramirez occupied room 235; he observed USPS packages being delivered for Ramirez who claimed them as himself; and it is completely reasonable to infer that Ramirez then brought the packages to the room he rented. The fact that Johnson did not describe in detail the packages or what exact features resembled Ramirez does not indicate a lack of probable cause. As such, the Magistrate Judge's finding is not clearly erroneous.

The Magistrate Judge then went on to note that the positive alert from a U.S.P.C.A. certified dog independently established probable cause. An undisputedly reliable dog that positively alerts to narcotics meets the probable cause standard. *United States v. Sundby*, 186 F.3d 873, 876 (8th Cir. 1999); *Florida v. Harris*, 568 U.S. 237, 246–48 (2013). Johnson did not merely rely on his independent corroboration of the DEA agent tip but went a step further by performing a sniff test resulting in a positive narcotics alert outside

room 235. Because the positive alert originated from a U.S.P.C.A. certified dog and Ramirez does not dispute that dog's reliability, the positive alert independently established probable cause. The Court finds no clear error with this conclusion.

### B. Sufficient Nexus

Ramirez next argues that there is insufficient nexus between the location to be searched and the commission of a crime. A search warrant can only be issued when the affidavit presents evidence of sufficient nexus between the crime and the place to be searched. *United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008). Courts consider the "nature of the crime and the reasonable, logical likelihood of finding useful evidence" in determining whether a nexus exists. *United States v. Johnson*, 848 F.3d 872, 878 (8th Cir. 2017) (quotation omitted).

The Magistrate Judge broke his findings on this argument into two categories: (1) drug possession and distribution evidence and (2) weapons and electronic communication devices. The Magistrate Judge found a sufficient nexus between drug possession and distribution with room 235 based on both Johnson's observations and the dog's positive alert. Ramirez claims there are no facts to support the nexus, but the findings on probable cause directly contradict his claim.

The relationship between room 235 and evidence of weapons and electronic communication devices is more attenuated but not lacking in nexus. Johnson explained that weapons and electronic communication devices are commonly associated with drug possession and distributions. (Exhibit at 2.) Indeed, linking weapons and electronic

communication devices to drug distribution is not a novel concept. In fact, the Eighth Circuit has found them both to be "tools of the drug trade." *United States v. Eggerson*, 999 F.3d 1121, 1125 (8th Cir. 2021) (quotation omitted). As such, the Magistrate Judge's finding that there was sufficient nexus between the evidence sought and the place to be searched was not clearly erroneous.

### C. Scope of Search Warrant

Ramirez's last argument is that the warrant was overbroad regarding the electronic communication devices. He asserts that the general nature of the search warrant would amount to review of the electronic communication devices themselves when the warrant only permitted their seizure.

Search warrants must describe the items to be seized with sufficient particularity such that the officers executing the warrant practically know what to search and what to seize. *United States v. Frederickson*, 846 F.2d 517, 519 (8th Cir. 1988); *United States v. Fiorito*, 640 F.3d 338, 346 (8th Cir. 2011). The particularity requirement is reviewed under the totality of the circumstances and varies depending on the situation. *Fiorito*, 640 F.3d at 346–47 (explaining that the officer's knowledge of the limiting factors aided in finding particularity). Here, the warrant listed specific categories of items to be seized and why their seizure was necessary. It did not allow for the search of the electronic communication devices. Further, the officers understood that searching the electronic devices required another warrant, which Ramirez later consented to. The Magistrate

Judge concluded that the search warrant practically informed the officers where to search and what to seize. This finding is not clearly erroneous.

### D. Good Faith Exception

Notwithstanding the explanation above, the Magistrate Judge also concluded that the good faith exception applied in the event the warrant was defective. Evidence obtained in executing a defective search warrant will not be excluded if the officer acted in good faith in relying on the warrant and that this reliance was objectively reasonable. *United States v. Leon*, 468 U.S. 897, 922 (1984). Ramirez presents no evidence that the officer's reliance on the warrant was not in good faith or unreasonable. The Magistrate Judge did not clearly error when he determined that even in the face of a defective warrant, the evidence should not be suppressed.

## CONCLUSION

Upon clear error review of the Magistrate Judge's reasoning, the Court finds that the R&R is not clearly erroneous. Instead, the R&R's conclusions are factually and legally supported. Thus, the Court will overrule Ramirez's objections and adopt the Magistrate Judge's R&R in full.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Defendant's Objections to the Report and Recommendation [Docket No. 37] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 36] is **ADOPTED**; and

3. Defendant's Motion to Suppress Physical Evidence [Docket No. 28] is **DENIED**.

DATED: January 18, 2024                                _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                            JOHN R. TUNHEIM
                                                                               United States District Judge